MCGUIREWOODS LLP
A. BROOKS GRESHAM (SBN 155954)
BETHANY G. LUKITSCH (SBN 314376)
MOLLY M. WHITE (SBN 171448)
ARSEN KOURINIAN (SBN 271966)
1800 Century Park East
8th Floor
Los Angeles, CA 90067
Telephone: 310.315.8200
Facsimile: 310.315.8210
Email: bgresham@mcguirewoods.com
　　　　blukitsch@mcguirewoods.com
　　　　mwhite@McGuireWoods.com
　　　　akourinian@mcguirewoods.com

MCGUIREWOODS LLP
JAMES F. NEALE (Pro Hac Vice)
Court Square Building
310 Fourth Street, N.E., Suite 300
Post Office Box 1288
Charlottesville, VA 22902
Telephone: (434) 977-2582
Facsimile: (434) 980-2263
Email: jneale@mcguirewoods.com

Attorneys for Defendants Ulthera, Inc. and
Merz North America, Inc.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGIA TRYAN and MARILYN ECHOLS, as individuals, and on behalf of other members of the general public similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ULTHERA, INC., a Delaware corporation; and MERZ NORTH AMERICA, INC., a Delaware corporation,<br><br>　　　　　Defendants. | CASE NO. 2:17-cv-02036-MCE-CMK<br><br>Hon. Morrison C. England, Jr.<br><br>**STIPULATED ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

The parties agree on the following procedures regarding the search for, and the production of, electronically stored information ("ESI" or "e-discovery") and other documents in this case. Nothing herein shall enlarge or affect the proper scope of discovery in this case, nor shall anything herein imply that any documents or ESI collected or produced under the terms of this protocol are properly discoverable, relevant or admissible in this action or in any other litigation.

"Plaintiff" means any plaintiff or putative class member in this action whose identity is known to Plaintiffs' counsel. "Defendants" means Ulthera, Inc., Merz Incorporated, and Merz North America, Inc. collectively. Plaintiffs and Defendants are collectively referred to as "Parties."

## I. PRESERVATION

Plaintiffs Tryan and Echols and Defendants represent that their respective counsel have issued litigation hold notices and/or otherwise directed that reasonable steps be taken to preserve potentially relevant data in this litigation. The Parties shall maintain and preserve documents produced pursuant to this protocol and/or in response to requests for production of documents so that they shall be available to all attorneys, on reasonable terms and conditions, and to the Court.

## II. DEFINITIONS

The following definitions will apply in this Order:

A. **Bates Number** means a unique alphanumeric identifier associated with every physical sheet of paper, electronic file, electronically stored TIFF image, or other tangible thing consisting of (1) an alphabetic portion identifying the producing party; and (2) a numeric portion incremented according to a scheme defined at the producing party's discretion to ensure that the alphanumeric identifier for each physical sheet of paper, electronic file, electronically stored TIFF image, or other tangible thing is unique.

B. **Email Threads** are email communications that contain prior or lesser-inclusive email communications that also may exist separately in the party's electronic files.

C. **ESI** means any electronically stored file or information kept as such in the ordinary course.

1

STIPULATED ORDER REGARDING ESI PROTOCOL

D. **Native Format** means and refers to the format of ESI in which it was originally generated and/or normally kept by the producing party in the usual course of its business and in its regularly conducted activities. For example, the Native Format associated with a Microsoft Word 2007 file is .docx and the native Format associated with an Adobe Acrobat file is .pdf

## III. PRODUCTION FORMAT AND PROCESSING SPECIFICATIONS

A. **Production Format.** The Parties shall produce all documents in single page, 300 DPI, tagged image file format ("TIFF") images, utilizing Group IV compression, with corresponding extracted full text and, to the extent possible, applicable metadata as specified in Exhibit A. The Parties will take reasonable efforts to produce TIFF images consistent with the appearance of the documents as kept in the ordinary course of business. The TIFF image will include, when feasible and as applicable to the underlying ESI, visible and legible images of comments and hidden text contained within the native document.

B. **Native File Production.** If production in Native Format is necessary to decipher the meaning, context, or content of a document (for example, spreadsheets and media files), the producing party will produce the document in Native Format unless it is unable to do so without compromising or revealing privileged information or information protected by law. The Parties shall confer about the need for and ability to produce any particular documents in Native Format. The Parties may produce certain documents in Native Format, if doing so would be more convenient than producing TIFF images.

If a document is produced in Native Format, a single-page Bates-Numbered image slip-sheet stating the document has been produced in Native Format will also be provided. Each native file should be named according to the Bates Number it has been assigned, and should be linked directly to its corresponding record in the load file using the NATIVELINK field.

C. **Embedded Objects.** If certain documents contain embedded objects (e.g., embedded MS Word files), the Parties shall honor reasonable and specific requests for the production of embedded objects as separate files and treated as an attachment to the parent document.

D. **Color.** ESI containing color (for example, graphs, pictures, or color marketing

1 | materials) will be produced as color images for each such document.

2 |     **E.**     **Bates Numbering.** All images must be assigned a Bates Number that: (1) must be unique across the entire document production; (2) must be sequential within a given document; (3) must not obscure any part of the underlying image; (4) must, to the extent possible, be oriented in the same manner as the majority of the text on the page. The Parties shall cooperate with reasonable requests regarding Bates Number formatting necessary for litigation support application use. A Bates Number shall be no more than 18 characters in length.

    **F.**     **Confidentiality Endorsements.** The producing party must brand any confidentiality or similar endorsements in a corner of the TIFF images pursuant to the protective order entered in this case. Those endorsements must be in a consistent font type and size, and must not obscure any part of the underlying image or Bates Number, to the extent possible.

    **G.**     **Redactions.** A producing party may use redactions to protect (1) attorney-client or attorney work product privileges, (2) trade secrets, (3) protected patient health information, (4) other applicable privileges, (5) other personal information, or (6) information that is not relevant to the subject matter of the action. If information needs to be redacted, only that information shall be redacted; the remainder of the document shall remain intact and produced. When a document is produced in redacted form, the TIFF image will contain labels stating "REDACTED" to identify which portions of the document have been redacted. For redacted items which were originally ESI, unaffected, non-privileged metadata fields will be provided to the extent possible without compromising the privileged or protected information. If a document has been redacted, it will be noted in the appropriate metadata field. The Parties shall cooperate with reasonable requests to identify the reason for redaction if not otherwise apparent from the document's context.

    **H.**     **Avoidance of Duplicate Production.** The producing party may take reasonable steps to de-duplicate ESI. With respect to Email Threads, each party may produce only the most inclusive Email Thread. A most inclusive Email Thread is one that contains all the prior or lesser-inclusive emails, including attachments, for that branch of the Email Thread. However, the Parties agree that an email that includes content in the BCC or other blind copy field shall not be treated as

a duplicate of an email that does not include content in those fields, even if all remaining content in the email is identical.

**I.  Metadata Fields and Processing.**  Each of the metadata and index fields set forth in Exhibit A that can be reasonably extracted from a document will be produced for that document.  If the producing party becomes aware of an issue extracting metadata or any other processing, the producing party must notify the other party and meet and confer to arrive at a mutually acceptable resolution of the issue.  The Parties are not obligated to create or manually code any of the fields in Exhibit A, if such fields cannot be extracted from a document.

**J.  Parent-Child Relationships.**  Parent-child relationships refer to the association between an attachment and its parent document.  Parent-child relationships must be preserved.  Family relationships often exist between an email and its attachments, but can also be found amongst a stand-alone document and files originally contained within that parent document, which are subsequently de-embedded as part of discovery processing.  An example might be a PowerPoint document with embedded Excel spreadsheets, for which the spreadsheets would be treated as attachments to the PowerPoint.

**K.  Attachments.**  Only responsive attachments need to be produced.  Nonresponsive attachments may be withheld, but all attachment names must be included in the metadata of the parent email.  If any single attachment to an email is responsive, then the cover email shall be produced for context, regardless of the cover email's responsiveness.

**L.  Privilege Logs and Inadvertent Production.**  An automated privilege log will be generated from the following metadata fields, to the extent they exist, as electronic metadata associated with the original electronic documents:

1. SUBJECT
2. FILE NAME
3. AUTHOR
4. SENDER/FROM
5. RECIPIENTS/TO
6. CC
7. BCC
8. SENT DATE TIME
9. RECEIVED DATE TIME
10. FILE CREATED DATE TIME
11. FILE LAST MOTIFIED DATE TIME

4
STIPULATED ORDER REGARDING ESI PROTOCOL

1   With respect to the SUBJECT or FILE NAME fields the producing party may substitute a
2   description of the communication where the content of these fields may reveal privileged
3   information, but must indicate that the fields have been revised.  The parties shall include a filed
4   with information concerning the privilege type and whether the document has been produced with
5   redactions. Should the receiving party in good faith have reason to believe a particular entry on the
6   automated privilege log does not reflect a privileged document, it may request a standard privilege
7   log for that entry, which shall be produced within two weeks of the request, or within such other
8   reasonable time as the parties may agree or the Court may order. Unless the Parties otherwise
9   agree, privilege logs will be produced within thirty (30) days following the production of the
10  documents from which the privileged documents are withheld.

Documents dated after the filing of the lawsuit, which contain privileged and/or work-product material relating to the lawsuit do not need to be logged.

**M.** **Load Files.** Documents must be provided with (1) a delimited metadata file (.dat or .txt); (2) an image load file (.lfp or .opt); and (3) a text file (pursuant to Section III. O).

**N.** **File Size Limitation/Non-Standard Files.**  To the extent necessary or practical, the Parties will discuss the format of production of unusually large files and non-standard electronic files, and large oversized documents (e.g., blueprints, posters), to determine the optimal production format.

**O.** **Compressed Files.** Compressed file types will be decompressed in a reiterative manner to ensure that a zip within a zip is decompressed into the lowest possible compression resulting in individual folders and/or files.

**P.** **Text Files.**  For each document, a single text file will be provided along with the image files and metadata.  The text file name will be the same as the Bates number of the first page of the document to which it corresponds.  File names must not have any special characters or embedded spaces.  Electronic text must be extracted directly from the native electronic file unless the document was redacted, an image file, or any other native electronic file that does not contain text to extract (e.g., non-searchable PDFs).  In these instances, a text file will be created using OCR and will be produced in lieu of extracted text.  Except in the case of redacted documents, Plaintiffs

will not be required to rely upon a less accurate version of the text than Defendants, nor will Defendants be required to rely upon a less accurate version of the text than Plaintiffs.

**Q.     Structured Data.**  In instances in which ESI in commercial or proprietary database format can be produced in an already existing and reasonably available report form, the Parties shall meet and confer to seek to agree upon a set of queries to be made for discoverable information and generate documents or a report in a usable and exportable electronic file (e.g., Excel or CSV format) for review by the requesting party.  Upon review of the report(s), the requesting party may make reasonable request for additional information to explain the database schema, codes and format or to request specific data from identified fields.

If a producing party asserts that certain requested ESI is inaccessible or otherwise unnecessary under the circumstances, or if the requesting party asserts, that following production certain ESI is not reasonably usable, the Parties shall meet and confer to discuss resolving such assertions.  If the Parties cannot resolve any such disputes after such a meet and confer has taken place, the issue shall be presented to the Court for resolution.

**R.     Scanning of Hard-Copy Documents.**  In scanning paper documents, documents are to be produced as they are kept.  For documents found in folders or other sets with labels, tabs, or other identifying information, such labels and tabs shall be scanned where practicable.  Such folders or sets can be produced as a single document.  The Parties will use best efforts to unitize documents (i.e., distinct documents should not be merged into a single record, and a single document should not be split into multiple records), and maintain document relationships.  Copies of hard copy documents may be made available for inspection and copying or may be delivered to the office of counsel for the requesting party.

**S.     No Backup Restoration Required:**  absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to, backup tapes, discs, SAN or other form of media, in order to comply with its discovery obligation in the present case.

**T.     Voicemail and Mobile Devices:**  Absent a showing of good cause, the Parties agree that voicemails, PDAs and mobile devices are deemed not reasonably accessible and do not need to

be preserved and collected.

## IV. SEARCH TERMS

The Parties agree to meet and confer by March 2, 2018 (or other date as mutually agreed to by the Parties) to discuss search terms, the validation of those search terms, and any additional parameters for scoping the review and production efforts (e.g., de-duplication of documents, date restrictions). Plaintiffs' counsel shall provide a list of proposed search terms to defense counsel at least three business days before the Parties meet and confer.

The producing party may identify ESI: (1) by identifying and selecting custodians and data repositories most likely to possess relevant documents; and/or (2) by applying the agreed-upon search terms to such identifiable and readily accessible data repositories and custodian data sources. Each producing party may, at its election, review ESI that contains any agreed-upon search terms for responsiveness and privilege before production. Each party will be primarily responsible for identifying custodians, custodial data sources, and other data repositories which contain discoverable documents in its possession.

The fact that a document may have been retrieved by the application of agreed-upon search terms shall not prevent a party from withholding documents from production for lack of responsiveness or privilege.

DATED: December 26, 2017          **CAPSTONE LAW APC**

By:   /s/ Trisha K. Monesi
      Bevin Allen Pike
      Trisha K. Monesi
      Attorneys for Plaintiffs
      GEORGIA TRYAN and MARILYN ECHOLS

**MCGUIREWOODS LLP**

DATED: December 26, 2017

By: /s/ Molly M. White
A. Brooks Gresham
Bethany G. Lukitsch
Molly M. White
Arsen Kourinian
Jim Neale
Attorneys for Defendants
ULTHERA, INC., a Delaware corporation; and
MERZ NORTH AMERICA, INC.,

IT IS SO ORDERED.

DATED: JANUARY 3, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

8
STIPULATED ORDER REGARDING ESI PROTOCOL

**EXHIBIT A**

| FIELD | FORMAT | DESCRIPTION |
|---|---|---|
| BEGDOC | Fixed-Length Text | Beginning Bates number |
| ENDDOC | Fixed-Length Text | Ending Bates number |
| BEGATTACH | Fixed-Length Text | Beginning of family range, first number of first family member |
| ENDATTACH | Fixed-Length Text | End of family range, last number of last family member |
| CUSTODIAN | Multiple Choice | Custodian name |
| DATE_CREATION | Date (date:time) | Creation Date File System |
| DATESENT | Date (date:time) | Sent Date for email |
| TIME_CREATION | Time (hh:mm:ss) | Creation Time File System |
| TIMESENT | Time (hh:mm:ss) | Sent Time for Email |
| DATELASTMOD | Date (date:time) | Last Modified File System |
| FILEEXT | Fixed-Length Text | File Extension |
| FILENAME | Fixed-Length Text | File Name (efiles) |
| HASHVALUE | Fixed-Length Text | MD5Hash (or CONTROL_ID for scanned paper) |
| FILEPATH | Fixed-Length Text | PSIfield: [Relativity_Path] |
| BCC | Long Text | BCC Recipient Combined |
| CC | Long Text | CC Recipient Combined |
| FROM | Fixed-Length Text | Sender Combined |
| SUBJECT | Fixed-Length Text | Subject |
| TO | Long Text | Recipient Combined |
| REDACTION | Fixed-Length Text | Redaction |
| PAGECOUNT | Whole Number | Page count |
| CONFIDENTIALITY | Fixed-Length Text | Confidentiality |

STIPULATED ORDER REGARDING ESI PROTOCOL

CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2017, I electronically filed the foregoing document entitled NOTICE OF APPEARANCE with the United States District Court, Eastern District of California using the Court's Electronic Filing system ("CM/ECF"), which thereby generated an automatic Notice of Electronic Filing ("NEF") to be electronically transmitted to the email addresses of registered counsel of record in this action.

*/s/ Molly M. White*
Molly M. White