MCGUIREWOODS LLP
BETHANY G. LUKITSCH (SBN 314376)
MOLLY M. WHITE (SBN 171448)
ARSEN KOURINIAN (SBN 271966)
1800 Century Park East
8th Floor
Los Angeles, CA 90067
Telephone: 310.315.8200
Facsimile: 310.315.8210
Email: blukitsch@mcguirewoods.com
       mwhite@mcguirewoods.com
       akourinian@mcguirewoods.com

MCGUIREWOODS LLP
JAMES F. NEALE (Pro Hac Vice)
Court Square Building
310 Fourth Street, N.E., Suite 300
Post Office Box 1288
Charlottesville, VA 22902
Telephone: (434) 977-2582
Facsimile: (434) 980-2263
Email: jneale@mcguirewoods.com

Attorneys for Defendant Merz North America, Inc.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGIA TRYAN and MARILYN ECHOLS, as individuals, and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ULTHERA, INC., a Delaware corporation; and MERZ NORTH AMERICA, INC., a Delaware corporation,<br><br>Defendants. | CASE NO. 2:17-cv-02036-MCE-CMK<br><br>Hon. Morrison C. England, Jr.<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MERZ NORTH AMERICA, INC.** |

1
ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MERZ NORTH AMERICA, INC.

**ANSWER OF DEFENDANT MERZ NORTH AMERICA, INC. TO PLAINTIFFS' COMPLAINT**

Defendant Merz North America, Inc. ("Merz"),[1] by and through its undersigned counsel, hereby answers the Complaint filed by plaintiffs Georgia Tryan and Marilyn Echols (together, "Plaintiffs"), as follows:

**INTRODUCTION**

1. Answering Paragraph 1, Merz admits that Plaintiffs are attempting to assert this lawsuit as a putative class action on behalf of themselves and other persons, and that Merz or its affiliate in interest manufactured, marketed, distributed, and sold the Ultherapy® System during the relevant time period. Except as expressly stated, Merz denies the balance of the allegations in Paragraph 1.

2. Answering Paragraph 2, Merz admits that the Ultherapy® System is a class II device cleared by the Food & Drug Administration ("FDA"). Merz admits that the Medical Device Amendments ("MDA") to the Federal Food, Drug and Cosmetic Act ("FDCA"), and other related laws or regulations referenced in Paragraph 2 are set forth in the public record, the requirements of which speak for themselves. Merz denies violating any law or regulation referred to in Paragraph 2. Except as expressly stated, Merz denies the balance of the allegations contained therein.

3. Answering Paragraph 3, Merz admits that the text of the federal regulation cited is a matter of public record, and Merz admits the text of said regulation is as it is set forth in the public record. Merz denies violating any law or regulation alleged in Paragraph 3 or representing that the Ultherapy® procedure is FDA approved since it acquired the product. Except as expressly stated, Merz denies the balance of the allegations contained therein.

---

[1] Ulthera, Inc. ("Ulthera") was dismissed from this lawsuit on June 29, 2018, per party stipulation and Court Order. (*See* ECF Dkt. No. 27, 6/29/2018 Order.) Therefore, this Answer is submitted on behalf of only Merz.

4.      Answering Paragraph 4, Merz admits that the text of the statutes cited are a matter of public record, and Merz admits the text of said statutes are as they are set forth in the public record.  Merz denies violating any law or regulation alleged in Paragraph 4.  Except as expressly stated, Merz denies the balance of the allegations contained therein.

5.      Answering Paragraph 5, Merz admits that the text contained in the website links contained in Paragraph 5 and footnotes 1 and 2 are as contained at the website links cited therein, and Merz admits the text of said webpages are as they are set forth on the webpages.  Merz further admits that it markets Ultherapy®, but denies making any "deceptive representations."  Except as expressly stated, Merz denies the balance of the allegations contained therein.

6.      Answering Paragraph 6, Merz denies that it "falsely represent[s]" that Ultherapy® is "FDA approved" since acquiring the product and calls for strict proof of same.  Except as expressly stated, Merz denies the balance of the allegations contained therein.

7.      Answering Paragraph 7, Merz admits that the Ultherapy® System is a class II device cleared by the FDA.  Merz further admits that the text of the regulation cited is a matter of public record, and Merz admits the text of said regulation is as it is set forth in the public record.  Merz denies violating any law or regulation alleged in Paragraph 7.  Except as expressly stated, Merz denies the balance of the allegations contained therein.

8.      Answering Paragraph 8, Merz denies that it has a duty to inform Ultherapy® customers regarding the complicated and nuanced FDA legal and regulatory procedures, particularly when Merz does not perform the Ultherapy® procedure, but instead sells the Ultherapy® System to independent medical practices.  Except as expressly stated, Merz lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and, on that basis, denies the allegations contained therein.

9.      Answering Paragraph 9, Merz denies the allegations contained therein.

10.     Answering Paragraph 10, Merz denies the allegations contained therein.

11.     Answering Paragraph 11, Merz denies the allegations contained therein.

12.     Answering Paragraph 12, Merz denies the allegations contained therein.

13.     Answering Paragraph 13, Merz denies the allegations contained therein.

1    14.    Answering Paragraph 14, Merz denies the allegations contained therein.

**PARTIES**

**PLAINTIFF Georgia Tryan**

15.    Answering Paragraph 15, Merz lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and, on that basis, denies the allegations contained therein.

16.    Answering Paragraph 16, Merz denies the allegations contained therein.

17.    Answering Paragraph 17, Merz denies the allegations contained therein.

18.    Answering Paragraph 18, Merz denies the allegations contained therein.

19.    Answering Paragraph 19, Merz denies the allegations contained therein.

**PLAINTIFF Marilyn Echols**

20.    Answering Paragraph 20, Merz lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and, on that basis, denies the allegations contained therein.

21.    Answering Paragraph 21, Merz denies the allegations contained therein.

22.    Answering Paragraph 22, Merz denies the allegations contained therein.

23.    Answering Paragraph 23, Merz denies the allegations contained therein.

**DEFENDANT**

24.    Answering Paragraph 24, Merz denies that it is presently incorporated in Delaware; Merz is incorporated in North Carolina.  Merz admits that its corporate headquarters are located at 6501 Six Forks Road, Raleigh, North Carolina 27615.  Merz further admits that it markets, distributes and sells the Ultherapy® System, directly or indirectly, worldwide, nationwide, and in California.  Except as expressly stated, Merz denies the balance of the allegations contained in Paragraph 24.

25.    Answering Paragraph 25, Merz states that Ulthera was dismissed from this action on June 29, 2018.  Merz admits that Ulthera was incorporated in Delaware, that its corporate headquarters were located at 1840 South Stapley Drive, Suite 200, Mesa, Arizona 85204, and that

1  Merz's corporate affiliate acquired Ulthera in July 2014.  Merz further admits that the Ultherapy®
2  System was marketed, distributed, and sold in California and throughout the United States.  Merz
3  denies that Ulthera operates as a wholly owned subsidiary of Merz; Ulthera is owned by Merz
4  Incorporated, which also owns Merz.  Except as expressly stated, Merz denies the balance of the
5  allegations contained in Paragraph 25.

6    26.    Answering Paragraph 26, Merz admits that it markets, distributes and sells the
7  Ultherapy® System in California and the United States.  Except as expressly stated, Merz denies
8  the balance of the allegations contained in Paragraph 26.

**JURISDICTION**

10    27.    Answering Paragraph 27, Merz denies Plaintiffs' allegations satisfy the
11  requirements of Federal Rule of Civil Procedure 23.

12    28.    Answering Paragraph 28, Merz admits that the text of the statute cited is a matter of
13  public record, and Merz admits the text of said statute is as it is set forth in the public record.
14  Except as expressly stated, Merz denies the balance of the allegations contained therein because it
15  calls for a legal conclusion; the statute speaks for itself.

16    29.    Answering Paragraph 29, Merz states that the requirements for personal jurisdiction
17  are as set forth under the law.  Merz further states that it is not contesting personal jurisdiction for
18  this lawsuit.  Except as expressly stated, Merz denies the balance of the allegations contained
19  therein because it calls for a legal conclusion; the requirements for personal jurisdiction speak for
20  themselves.

**VENUE**

22    30.    Answering Paragraph 30, Merz admits that the text of the statute cited is a matter of
23  public record, and Merz admits the text of said statute is as it is set forth in the public record.
24  Except as expressly stated, Merz denies the balance of the allegations contained therein because it
25  calls for a legal conclusion; the statute speaks for itself.

26    31.    Answering Paragraph 31, Merz states that the requirements for venue are as set
27  forth under the law.  Merz further states that it is not contesting venue for this lawsuit.  Except as
28

expressly stated, Merz denies the balance of the allegations contained therein because it calls for a legal conclusion; the requirements for venue speak for themselves.

32. Answering Paragraph 32, Merz admits that the text of the statute cited is a matter of public record, and Merz admits the text of said statute is as it is set forth in the public record. Except as expressly stated, Merz denies the balance of the allegations contained therein because it calls for a legal conclusion; the statute speaks for itself.

## FACTUAL ALLEGATIONS

33. Answering Paragraph 33, Merz admits that the text contained in the website links contained in Paragraph 33 and footnotes 4 and 5 are as contained at the website links cited therein, and Merz admits the text of said webpages are as they are set forth on the webpages.  Merz further admits that it markets Ultherapy®, but denies making any "deceptive representations."  Except as expressly stated, Merz denies the balance of the allegations contained therein.

34. Answering Paragraph 34, Merz admits that the text of the statute cited is a matter of public record, and Merz admits the text of said statute is as it is set forth in the public record. Merz denies violating any law or regulation alleged in Paragraph 34.  Except as expressly stated, Merz denies the balance of the allegations contained therein.

35. Answering Paragraph 35, Merz denies that the website link cited in Paragraph 35 and footnote 6 states what is alleged in Paragraph 35.  Merz admits that the FDA communicates with Merz, and that the communications speak for themselves.  Except as expressly stated, Merz denies the balance of the allegations contained therein.

36. Answering Paragraph 36, Merz admits that the MDA to the FDCA, and other related laws or regulations referenced in Paragraph 36 are set forth in the public record, the requirements of which speak for themselves.  Merz denies violating any law or regulation referred to in Paragraph 36.  Except as expressly stated, Merz denies the balance of the allegations contained therein.

37. Answering Paragraph 37, Merz admits that the laws or regulations referenced in Paragraph 37 are set forth in the public record, the requirements of which speak for themselves.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MERZ NORTH AMERICA, INC.

1  Merz denies violating any law or regulation referred to in Paragraph 37.  Except as expressly
2  stated, Merz denies the balance of the allegations contained therein.

3       38.     Answering Paragraph 38, Merz admits that the laws or regulations referenced in
4  Paragraph 38 are set forth in the public record, the requirements of which speak for themselves.
5  Merz denies violating any law or regulation referred to in Paragraph 38.  Except as expressly
6  stated, Merz denies the balance of the allegations contained therein.

7       39.     Answering Paragraph 39, Merz admits that the Ultherapy® System is a class II
8  device cleared by the FDA.  Merz further admits that the FDA's findings regarding the
9  Ultherapy® System are set forth in the public record, and speak for themselves.  Except as
10 expressly stated, Merz denies the balance of the allegations contained therein.

11      40.     Answering Paragraph 40, Merz denies filing the 2014 Form S-1 Registration
12 Statement referenced in Paragraph 40, and states that this form was filed by Ulthera, Inc.  Merz
13 admits that the text contained in the 2014 Form S-1 Registration Statement are as contained in the
14 statement filed with the Securities and Exchange Commission, and Merz admits the text of said
15 statement is as set forth on the statement.  Except as expressly stated, Merz denies the balance of
16 the allegations contained therein.

17      41.     Answering Paragraph 41, Merz admits that it markets Ultherapy®, and that its
18 advertisements and marketing materials speak for themselves.  Merz denies that its advertisements
19 and marketing materials are deceptive, misleading or confusing.  Except as expressly stated, Merz
20 denies the balance of the allegations contained therein.

21      42.     Answering Paragraph 42, Merz admits that it markets Ultherapy®, and that its
22 advertisements and marketing materials speak for themselves.  Merz denies that its advertisements
23 and marketing materials are deceptive or that Merz has made misrepresentations.  Merz denies that
24 the website link cited in Paragraph 42 and footnote 9 states what is alleged in Paragraph 42.  Merz
25 further states that any alleged adverse events reports speak for themselves.  Except as expressly
26 stated, Merz denies the balance of the allegations contained therein.

27      43.     Answering Paragraph 43, Merz denies filing the 2014 Form S-1 Registration
28 Statement referenced in Paragraph 43, and states that this form was filed by Ulthera, Inc.  Merz

1  admits that the text contained in the 2014 Form S-1 Registration Statement are as contained in the
2  statement filed with the Securities and Exchange Commission, and Merz admits the text of said
3  statement is as set forth on the statement.  Except as expressly stated, Merz denies the balance of
4  the allegations contained therein.

5        44.      Answering Paragraph 44, Merz denies filing the 2014 Form S-1 Registration
6  Statement referenced in Paragraph 44, and states that this form was filed by Ulthera, Inc.  Merz
7  admits that the text contained in the 2014 Form S-1 Registration Statement are as contained in the
8  statement filed with the Securities and Exchange Commission, and Merz admits the text of said
9  statement is as set forth on the statement.  Except as expressly stated, Merz denies the balance of
10  the allegations contained therein.

11        45.      Answering Paragraph 45, Merz denies that it advances deceptive claims to
12  consumers.  Except as expressly stated, Merz lacks knowledge or information at this time
13  sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph
14  45 and, on that basis, denies the balance of the allegations contained therein.

15        46.      Answering Paragraph 46, Merz denies the allegations contained therein.
16        47.      Answering Paragraph 47, Merz denies the allegations contained therein.
17        48.      Answering Paragraph 48, Merz denies the allegations contained therein.
18        49.      Answering Paragraph 49, Merz denies the allegations contained therein.
19        50.      Answering Paragraph 50, Merz denies the allegations contained therein.
20        51.      Answering Paragraph 51, Merz denies the allegations contained therein.
21        52.      Answering Paragraph 52, Merz denies the allegations contained therein.
22        53.      Answering Paragraph 53, Merz denies the allegations contained therein.

23  **CLASS ALLEGATIONS**

24        54.      Answering Paragraph 54, Merz admits that Plaintiffs are attempting to assert this
25  lawsuit as a putative class action.  Merz denies that this action satisfies the requirements for a class
26  action.  Except as expressly stated, Merz denies the balance of the allegations contained therein.

27        55.      Answering Paragraph 55, Merz admits that Plaintiffs are attempting to define the
28  alleged Class and alleged Sub-Class as stated in Paragraph 55.  Merz denies that this action or the

1 alleged Class and alleged Sub-Class can or should be certified as a class action.  Except as
2 expressly stated, Merz denies the balance of the allegations contained therein.

3       56.    Answering Paragraph 56, Merz admits that Plaintiffs are attempting to define the
4 alleged Class and alleged Sub-Class as stated in Paragraph 56.  Merz denies that this action or the
5 alleged Class and alleged Sub-Class can or should be certified as a class action.  Except as
6 expressly stated, Merz denies the balance of the allegations contained therein.

7       57.    Answering Paragraph 57, Merz denies the allegations contained therein.
8       58.    Answering Paragraph 58, Merz denies the allegations contained therein.
9       59.    Answering Paragraph 59, Merz denies the allegations contained therein.
10       60.    Answering Paragraph 60, Merz denies the allegations contained therein.
11       61.    Answering Paragraph 61, Merz denies the allegations contained therein.

**FIRST CAUSE OF ACTION**

**(Violation of California's Consumers Legal Remedy Act, California Civil Code § 1750, et seq.,)**

15       62.    Answering Paragraph 62, Merz incorporates its responses to the allegations
16 contained in each and every paragraph of the Complaint.

17       63.    Answering Paragraph 63, Merz admits that Plaintiffs are attempting to assert this
18 lawsuit as a putative class action.  Merz denies that this action satisfies the requirements for a class
19 action.  Except as expressly stated, Merz denies the balance of the allegations contained therein.

20       64.    Answering Paragraph 64, Merz admits that the text of the statute cited is a matter of
21 public record, and Merz admits the text of said statute is as it is set forth in the public record.
22 Except as expressly stated, Merz denies the balance of the allegations contained therein.

23       65.    Answering Paragraph 65, Merz admits that the text of the statute cited is a matter of
24 public record, and Merz admits the text of said statute is as it is set forth in the public record.
25 Except as expressly stated, Merz lacks knowledge or information at this time sufficient to form a
26 belief as to the truth of the balance of the allegations contained in Paragraph 65 and, on that basis,
27 denies the balance of the allegations contained therein.

28       66.    Answering Paragraph 66, Merz denies the allegations contained therein.

67. Answering Paragraph 67, Merz denies the allegations contained therein.

68. Answering Paragraph 68, Merz denies the allegations contained therein.

69. Answering Paragraph 69, Merz denies the allegations contained therein.

70. Answering Paragraph 70, Merz denies the allegations contained therein.

71. Answering Paragraph 71, Merz denies the allegations contained therein.

72. Answering Paragraph 72, Merz denies the allegations contained therein.

73. Answering Paragraph 73, Merz denies the allegations contained therein.

74. Answering Paragraph 74, Merz denies the allegations contained therein.

75. Answering Paragraph 75, Merz denies the allegations contained therein.

76. Answering Paragraph 76, Merz denies that Plaintiffs provided adequate notice under the statute cited therein. Merz admits that Plaintiffs are seeking relief in this lawsuit, but denies that Plaintiffs are entitled to any relief in this case. Merz further states that the parties stipulated, and the Court entered an order, striking/dismissing Plaintiffs' request for injunctive relief. Except as expressly stated, Merz denies the balance of the allegations contained in Paragraph 76.

## SECOND CAUSE OF ACTION

**(Violation of California Business & Professions Code § 17500 et seq.)**

77. Answering Paragraph 77, Merz incorporates its responses to the allegations contained in each and every paragraph of the Complaint.

78. Answering Paragraph 78, Merz admits that Plaintiffs are attempting to assert this lawsuit as a putative class action. Merz denies that this action satisfies the requirements for a class action. Except as expressly stated, Merz denies the balance of the allegations contained therein.

79. Answering Paragraph 79, Merz admits that the text of the statute cited is a matter of public record, and Merz admits the text of said statute is as it is set forth in the public record. Merz denies violating the statute alleged in Paragraph 79. Except as expressly stated, Merz denies the balance of the allegations contained therein.

80. Answering Paragraph 80, Merz denies the allegations contained therein.

81. Answering Paragraph 81, Merz denies the allegations contained therein.

82. Answering Paragraph 82, Merz denies the allegations contained therein.

83. Answering Paragraph 83, Merz denies the allegations contained therein.

84. Answering Paragraph 84, Merz states that the parties stipulated, and the Court entered an order, striking/dismissing Plaintiffs' request for injunctive relief. Merz denies the allegations contained in Paragraph 84.

## THIRD CAUSE OF ACTION

**(Violation of California Business & Professions Code § 17200 et seq.)**

85. Answering Paragraph 85, Merz incorporates its responses to the allegations contained in each and every paragraph of the Complaint.

86. Answering Paragraph 86, Merz admits that Plaintiffs are attempting to assert this lawsuit as a putative class action. Merz denies that this action satisfies the requirements for a class action. Except as expressly stated, Merz denies the balance of the allegations contained therein.

87. Answering Paragraph 87, Merz denies the allegations contained therein.

88. Answering Paragraph 88, Merz admits that the text of the statute cited is a matter of public record, and Merz admits the text of said statute is as it is set forth in the public record. Merz denies violating the statute alleged in Paragraph 88. Except as expressly stated, Merz denies the balance of the allegations contained therein.

89. Answering Paragraph 89, Merz denies the allegations contained therein.

90. Answering Paragraph 90, Merz denies the allegations contained therein.

91. Answering Paragraph 91, Merz denies the allegations contained therein.

92. Answering Paragraph 92, Merz denies the allegations contained therein.

93. Answering Paragraph 93, Merz denies the allegations contained therein.

94. Answering Paragraph 94, Merz denies the allegations contained therein.

95. Answering Paragraph 95, Merz denies the allegations contained therein.

96. Answering Paragraph 96, Merz denies the allegations contained therein.

97. Answering Paragraph 97, Merz states that the parties stipulated, and the Court entered an order, striking/dismissing Plaintiffs' request for injunctive relief. Merz denies the allegations contained in Paragraph 97.

**PRAYER FOR RELIEF**

98. Answering Paragraph 98, Merz denies that this lawsuit should be certified as a class action, or that Plaintiffs are entitled to any relief whatsoever in this lawsuit. Merz further states that the parties stipulated, and the Court entered an order, striking/dismissing Plaintiffs' request for injunctive relief. Merz denies the balance of the allegations contained therein.

**DEMAND FOR JURY TRIAL**

99. Answering Plaintiffs' Demand For Jury Trial, Merz admits that Plaintiffs are demanding a jury trial.

**AFFIRMATIVE DEFENSES**

100. Without assuming the burden of proof where it otherwise lies with Plaintiffs, Merz asserts the following defenses:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure To State A Claim)**

101. The Complaint fails to set forth facts sufficient to state a claim against Merz.

**SECOND AFFIRMATIVE DEFENSE**

**(Failure To Mitigate)**

102. Although Merz denies that Plaintiffs suffered any harm as alleged in the Complaint, to the extent Plaintiffs have suffered harm, Plaintiffs failed to mitigate that harm.

**THIRD AFFIRMATIVE DEFENSE**

**(Waiver)**

103. The Complaint is barred by the conduct, actions and inactions of Plaintiffs, which amount to and constitute a waiver of the claims alleged in the Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

104. The Complaint is barred by the conduct, actions and inactions of Plaintiffs, which amount to and constitute an estoppel of the claims alleged in the Complaint and any relief sought thereby.

### FIFTH AFFIRMATIVE DEFENSE

### (Apportionment)

105. Merz is not legally responsible with respect to the damages that may be claimed by Plaintiffs as a result of the matters alleged in the Complaint. However, if Merz is found to be legally responsible in any manner, then it alleges that its legal responsibilities are not the sole and proximate cause of the injuries and the damages awarded, if any, are to be apportioned in accordance with the fault and legal responsibility of all other parties, persons and entities, or the agents, servants and employees of such other parties, persons and entities, who contributed to and/or caused said damages, according to proof presented at the time of trial.

### SIXTH AFFIRMATIVE DEFENSE

### (Independent, Intervening Conduct)

106. Plaintiffs are barred from recovery in that any alleged damages sustained by Plaintiffs were the direct and proximate result of the independent, intervening, negligent and/or unlawful conduct of third parties or their agents, and not any act or omission on the part of Merz.

### SEVENTH AFFIRMATIVE DEFENSE

### (No Vicarious Liability Or Liability Under Respondeat Superior)

107. Merz cannot be held vicariously liable or liable under respondeat superior for any alleged unlawful conduct by its current and/or former employees or independent medical providers because any unlawful or other wrongful acts attributed to any person(s) employed by Merz were committed by non-managerial employees and/or were outside the course and scope of their employment, and the independent medical providers are not Merz's employees.

### EIGHTH AFFIRMATIVE DEFENSE

### (No Damages Or Injury/Article III Standing)

108. Any recovery on the Complaint, or any cause of action alleged therein, is barred because Plaintiffs cannot establish that they have suffered any actual injury or damages as a result of any alleged act or omission of Merz. In addition, for these reasons, Plaintiffs lack Article III standing.

### NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

109.  Plaintiffs' Complaint and each and every purported cause of action alleged therein are barred by the doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE

### (Not Knowing, Willful Or Intentional)

110.  Merz is not liable for any of the claims Plaintiffs have alleged in the Complaint, but if any such violations exist (which Merz denies), those violations were not knowing, willful, or intentional.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Preemption)

111.  Federal law preempts some or all of Plaintiffs' claims asserted under state law.

### TWELFTH AFFIRMATIVE DEFENSE

### (Primary Jurisdiction Doctrine)

112.  This case should be dismissed based on the FDA's primary jurisdiction to determine the issues presented in the Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Due Process)

113.  The imposition of liability and/or statutory damages as sought in the Complaint would violate provisions of the United States Constitution, including the Due Process Clause.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Compliance With Applicable Laws And Regulations)

114.  Plaintiffs' claims are barred in whole or in part because Merz complied with all applicable laws and FDA regulations.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (No Reasonable Reliance; Members of the Publicly Not Likely to be Deceived)

115.  Plaintiffs' claims are barred in whole or in part because they cannot show actual deception, reasonable reliance and damage and that members of the public are likely to be

deceived by Merz's alleged representations.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

116.    Merz expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

## PRAYER

WHEREFORE, Merz prays as follows:

1. That Plaintiffs take nothing by virtue of this action;
2. That Plaintiffs' request for class certification be denied;
3. For judgment to be entered against Plaintiffs and in favor of Merz;
4. That Merz be awarded its attorneys' fees and costs incurred in this action, and any other amounts recoverable under law; and
5. That the Court grant Merz such other relief the Court may deem just and proper.

DATED:  September 27, 2018

Respectfully Submitted,

MCGUIREWOODS LLP

By:    */s/ Arsen Kourinian*
Bethany G. Lukitsch
Molly M. White
James F. Neale
Arsen Kourinian
Attorneys for Defendant Merz North America, Inc.